We will hear argument first this morning in number 17-1489 Lockwood v. Department of Veterans Affairs. Mr. Jones, whenever you're ready. Good morning. Good morning, Your Honors, and may it please the court. My name is Stephen Jones, and I'm representing Mr. Lockwood, the petitioner in this matter. There are two brief points that I would like to highlight for you this morning to show why the arbitrator, Mr. Charles Griffin, abused his discretion when he determined that the Department of Veterans Affairs, having invoked a crime exception, had reasonable cause to indefinitely suspend Mr. Lockwood. And so while the crime exception shortens the notice period, 5 U.S.C. 7513 still requires that the advance notice state the specific reasons for the proposed actions. And when the reviewing official goes beyond the scope of that notice, this court has said that that is an abuse of discretion. So in pages 13 and 14 of the opening brief and the first three pages of the reply brief, I point you to O'Keeffe v. United States Postal Service. And in that decision, this court held that the review of an agency's decision is limited to the charge and specifications. Can I ask you, if you put aside the material that you identify as either extra record or in any event outside, let's call it the notice, and just look at what was in the notice, what is that set of material? Yes. The notice specifically referenced stalking allegations against Mr. Lockwood dated July of 2014 and October of 2014. That was all that was in the notice, those specific allegations. When the arbitrator, in determining that under the crime exception there was reasonable cause, held that the agency was justified in also considering a 2015 stalking allegation that was not in the proposed notice that Mr. Lockwood was never made aware of. What's the status of, and just correct me if my memory is wrong, a police report that referred to an arrest warrant? Yes. And that's all we know from the record is that the investigating and arresting local VA police officers approached Mr. Lockwood on October 15th of 2014 and stated to him, we have a warrant for your arrest. And at that point, they escorted him down to the local parish district attorney's office. And subsequently, there was an information or a charging instrument that was signed by the district attorney. Now, you mentioned that the notice letter only had an October 15th, 2014 incident, I guess, but didn't it refer to the police investigation file, which actually in fact had multiple incidents and provided accounts as well as the police officers' own observations? Yes, Judge Stoll, and I apologize if I indicated that the notice letter referenced the 2015. The notice letter and the police investigation report only captured 2014 allegations. But yes, it did reference the police investigation of the 2014 allegations. There was never a reference of what was alleged to have occurred in 2015. Let me see if I understand. It seems to me there are two separate issues here. And correct me if you see it differently. But the first issue is whether it was permissible under the circumstances with the crime exception to reduce the period of notice from what is otherwise is entitled to under 7513B, I guess it is, B2, from 30 days to some lesser period. The second issue is whether a suspension is justified for the efficiency of the service. And those seem to me to be two separate issues. As to the second, that's the issue as to which the notice of events in 2014 were that notice referred to the events of 2014, but not the event in 2015. But as to the first question, whether the period of notice could be reduced from 30 days, it seems to me is it not perfectly permissible for them to have considered all the circumstances, including the December 2015 incident, in determining whether the crime exception applied. In other words, they had a number of different pieces of evidence that pertained to whether there was reasonable cause to believe a crime had been committed. It was okay under those circumstances to look at the December 15 event. Was it not? Well, Judge Bryson, I would submit that the issue is one of due process, because the notice letter, Mr. Luckett was never given an opportunity to respond to the 2015 allegation. As he was able to do, there was an oral reply that he participated in just prior to the agency's decision. Well, I guess what I'm – let me just clarify what I'm trying to get at. It seemed to me, as I read the opinion of the arbitrator, the opinion suggests to me that a lot of the focus was on the question of reasonable cause to believe that a crime had been committed, which goes to the reduction in the notice period and not to the propriety of the suspension ultimately that was imposed. But if it was okay for the arbitrator to consider the December 2015 evidence with respect to the issue of the propriety of the notice reduction, then what's the problem in the arbitrator's opinion, as you see it? As I see it, Judge Bryson, is that the arbitrator specifically held in finding that this 2015 allegation was – that the reasonable cause is rooted in this 2015 allegation that he says that the agency was right in this. But reasonable cause goes to the reduction of the notice period, right? It doesn't go to the ultimate question of whether the suspension was permissible, right? Under – I guess it's 7513b1 is the reasonable cause requirement and 7513a is the suspension – the justification of the suspension. Correct. So he could consider the December 2015 event with respect to the reasonable cause for reduction in the notice, could he not? I would submit that that was impermissible. I see. Okay. The consideration of that was – All right. Okay. Could he have considered, in your view, the existence of the arrest warrant? So the – there was – all we know is that the – in the 2014 VA police investigative file that there was a local on-site investigation, the investigating and arresting police officer states to Mr. Lockwood that we have a warrant for your arrest. But there was no other evidence that there was a warrant. Why should more evidence of the existence of the arrest warrant be necessary? You don't – you didn't present any evidence that the statement that there was such an arrest warrant was incorrect, and I don't think we're operating under, you know, a best evidence rule of the federal rules of evidence or anything like that. So why is it not sufficient for there to be evidence that there was an arrest warrant which would perhaps bring this – make this okay under the Cunningham idea? I think that – do I have the name? Dunnington. What is it, Cunning – Dunnington. Where there's a – there's evidence of somebody other than the police, some sort of judicial official presumably, issuing the warrant that gives it a greater degree of reliability than you would have without that. Well, and I would submit that under the circumstances of this case that something more than the internal police investigation was required because you had an internal investigation where the police questioned everyone except Mr. Lockwood. He was never questioned about why he was in the same gym that every other employee had access to or in the VA parking lot. He was never questioned about any of those allegations, about any history he may or may not have had with the accusers. They simply took the statements of the alleging witnesses and made the arrest. There is – and so in other cases where there's been an indictment or even as in Dunnington, there was a magistrate that found probable cause and issued the warrant. There was no third party that objectively looked at the facts to say that there was a probable cause determination. It was solely relied upon based on the local on-site VA police officers. And can I just clarify something, which I think just picks up on what Judge Bryson was saying? In your appeal to us, are you arguing both that the suspension happened too fast, namely in less than 30 days, and that the suspension, even if the timing of it was okay, was unjustified? Or are you just arguing that it happened too fast? I believe I'm arguing both, Judge Sorrento. The argument I'm raising is, one, that having invoked the crime exception, that the reasonable cause was not met because the arbitrator exceeded the scope of the proposed notice. And then also – and actually, I guess that point addresses both of your statements, I believe. Because the arguments rest on the fact that the agency – the arbitrator, I'm sorry – exceeded the scope of the proposed notice. And therefore, he abused his discretion when he arrested the reasonable cause under the crime exception specifically on the 2015 allegation. And putting aside the timing question, namely that this took place in seven days and not 30, reasonable cause is or is not the standard for judging whether the indefinite suspension was justifiable. Isn't that just efficiency of the service? Well, that is – under the crime exception, that is certainly one of the things that the court looks to to see whether or not, having invoked that exception, that it's applicable. And I would concede that if the agency had given Mr. Lockwood a complete 30-days notice, not having invoked the crime exception, that we probably wouldn't be here. But because they took that extraordinary step, then there is a heightened review that requires the reasonable cause – that triggers the reasonable cause analysis. And that – under that analysis, we submit that because Mr. – the arbitrator included or – an allegation that was not invoked by the agency in the notice, that he abused his discretion. And I only reserve 12 minutes for opening, so I see that I'm – Well, you have three minutes. You can use it now or you can use it on rebuttal. I'll see if I have time for rebuttal, unless you have some additional questions. No, thank you very much. Good morning, Your Honor. Mr. Seekinen? Yes, Your Honor. Okay. You can correct me if I mispronounce it. That is the closest correct pronunciation that I have ever received in my 40 years. Already a good day for me. That is a generally accepted pronunciation, and I thank you for that. There are several points I would like to address. First, Judge Toronto and Judge Bryson, you're exactly correct that the reasonable cause standard bears only on the notice period that was required in this case under the crime provision. And if you look at the statement of the issues presented on page 1 and 2 of appellant's opening brief, it's clear that that is the only issue that was raised in the appellant's opening brief. That is, quote, whether reasonable cause for an indefinite suspension exists in the first issue. And in the second issue, whether the arbitrator's finding of reasonable cause is supported by substantial evidence. So your argument is that reasonable cause has nothing whatsoever to do with the validity of the ultimate sanction that was imposed, as opposed to the procedure that was employed in imposing that sanction. Correct, and if you look at page 4 of the arbitrator's decision, which is at appendix 4, you'll see the standard that the arbitrator set out based on Dunnington and several other cases. And that is, quote, to prove that an indefinite suspension under the crime provision is valid, there are four things that must be looked at. The first is reasonable cause. The second is whether the suspension has an ascertainable end. The third is the nexus requirement that gets to the efficiency of the service. And then the fourth is whether the penalty is reasonable. And the first and most important issue that I want to emphasize today is that- Where were you reading from? I'm sorry. I'm sorry, that was appendix 4, page 4 of the arbitrator's decision. Right, right, yeah. I mention that because I think that elucidates and confirms your suspicions and intuitions that yes- Whether there is reasonable cause to think that some criminal activity occurred, you may not need to use the term reasonable cause, but that was also, was it not, the basis for determining that the efficiency of the service would be affected by his remaining on the job not being suspended. So it might just be using the same language to cover two different points. And then he has a point about whether for the substantive, non-procedural use of that question, there was- whether the arbitrator looked at material that he should not have looked at. Yeah, I think there are two separate issues, and if I understand Your Honor's point correctly, I would agree that I think the reasonable cause standard was perhaps somewhat conflated at certain points in the arbitrator's opinion, but I don't think that changes the fact that they are separate issues. And the most important issue that I- Can I ask you, how does this statement on appendix page 4 that you just referred to, how does it help your position that reasonable cause only relates to the procedure? Only relates to the procedure? Yeah. Well, our position is that reasonable cause is relevant in this case only to the extent that the crime provision states that the notice period may be reduced from 30 days to as little as seven days if there's reasonable cause to believe that an appropriate crime has been committed. But that quote from the handbook looks like it's getting the two mixed up, or at least conflating them as part of the ultimate question of the propriety of the suspension substantively, as opposed to being directed only at the issue of procedural correctness. Well, I'm looking at the four separate issues as they're set out on page 4, and the first one appears to me to be the reasonable cause requirement, and then the third one is whether there is a nexus between the criminal charge and the efficiency of the service. Right, and the nexus between the efficiency of the service and the penalty, the reasonableness of the penalty, go to the substantive issue. But the first, the reasonable cause to believe a crime has been committed, at least the language used there is taken from the portion of the statute that is directed to the procedural problem, is it not? By procedural problem? Well, another 30-day requirement. Yes, that's precisely. So it looks to me like the agency has, at minimum, mixed the two in together. They're not teasing out the procedural issue from the substantive point. They are both addressed as separate issues in the arbitration, and they were. Can I, let me try. Sure. It says, the beginning of the sentence that you pointed us to says, to prove that an indefinite suspension under the crime provision is valid, an agency must establish that, and then you've got one through four. How am I supposed to know that one is just going to the 30-day provision and not to the overall suspension? I would look at the language of the statute. 7513B says that that's where the reasonable cause language comes from. So you don't think the agency has conflated the two here? I think that they're both being considered as they should be. I think that they're separate issues. And the only issue on appeal, as presented in Appellant's opening brief, is whether there was reasonable cause to believe that a qualifying crime had been committed. And for the first time in Appellant's reply brief, he now argues that, he makes an entirely different argument, that his suspension impermissibly exceeded the scope of the written notice. And this is something that was not only not presented in his opening brief, but more importantly, was not presented to the agency or to the arbitrator below. And this is a problem for several reasons, because first, there's nothing in the record to suggest that the agency relied upon the 2015 allegation for any impermissible purpose. This court has held that a notice of proposed personnel action need not recite each and every particular fact that an agency relies upon in any way, shape, or form. What is your cite for that? I would start with O'Keefe, and several of the cases cited in O'Keefe from Petitioner make that point. The point here is not about any new fact, but wholly distinct incidents. Doesn't that seem like the kind of thing that notice is necessary to be given up? Not just an additional fact that supports the allegation we've already made about the same conduct. I would say in this case, it's clear that notice was not required, because there's nothing in the record to suggest that it in any way affected the punishment, the length of the punishment, or the type of the punishment. And this is why it was important and incumbent upon the Petitioner, if Petitioner believed But that sounds like essentially a harmless error. Precisely, and that is something that this court has held can and should be addressed if this is an issue. And one of the ways that it can and should be addressed is by testimony from the deciding official as to the purpose for which he relied on evidence, the extent to which it affected his decision-making process. I think if you look at all of the evidence in the record here, it's clear that it did not have any effect on the ultimate outcome, but Mr. Lockwood never raised this before the arbitrator or the agency. So the agency never had a chance to explain to the arbitrator, for instance, that I would have made the same decision regardless. And this court has consistently held that on review of either board decisions or arbitrator decisions, that this court will not consider arguments that were not presented to the arbitrator or to the board. And this is precisely the reason why. If this court were to entertain this belated argument that Mr. Lockwood raises now for the first time in his reply brief in this case, it deprives the agency and the board of the opportunity to address it in the first instance. And there's no evidence in the record to suggest that the alleged error was harmful, even assuming that it was an error. Can I just ask you, I think in your red brief, and maybe I should have asked Mr. Jones, do we know anything extra record about the status of the Louisiana criminal proceeding? The most that we know as of the date that we filed our brief is that based upon public records, his trial was still pending at that time. We attempted to attach a printout from the docket to our brief, and that was rejected. But that date, if I remember right, was this past fall. Is that right? I believe it was in November when we filed our brief. So I have not gone back and checked in the last couple of months. But this is another important point, Your Honor. One of Mr. Lockwood's primary arguments in his opening brief and also before the arbitrator was that it was somehow error for the agency to suspend him without affirmatively producing evidence on its own to show that his trial had not yet occurred. But the notice that he received of his suspension clearly informed him, as stated in our brief, that it was his responsibility, as logically it would have to be, to come back to the agency and inform them when his trial was over and when the investigation was complete. And there's no evidence in the record to suggest that the case was settled or resolved or dismissed. And Mr. Lockwood has never argued otherwise. He simply claims without support that for some reason it was the agency's burden to produce evidence showing that the trial had not yet occurred. And there's no evidence in the record or publicly available that we've been able to find to suggest that anything other than that the case is still pending. So for those reasons, I think it would be inappropriate for this court to address the argument in Mr. Lockwood's reply brief about the scope of the notice that he received. If, for whatever reason, this court were to decide to address the issue, the proper remedy would not be to order that he be reinstated. The proper remedy would be to remand for the further factual development that never happened because Mr. Lockwood never raised this issue. Let me ask you one question about the record. We have at Appendix 100 through a few pages after that, what from the table of contents for the joint appendix looks like it is a collective bargaining agreement, a master labor agreement it's entitled. Is that the document that governs this proceeding as far as was the arbitrator in fact adjudicating this proceeding under the agreement or was the arbitrator adjudicating the proceeding under the statute? It appears to be both. The arbitrator's decision references both the master agreement and the statute and portions of the agreement. To the extent that they may be inconsistent, what would be the outcome? I don't know, Your Honor. Isn't it usually the case when you have these collective bargaining agreements and arbitrated resolutions that it's an adjudication of the agreement as opposed to the statute or is it in these set of cases? I think that's right. I'm not aware of any inconsistency between the master agreement and the statute. The issue as to reasonable cause as it bears on, the notice required was consistently presented below. That is the issue that was argued before the arbitrator and is now on appeal. You mean the statutory question? Yes. Well, the reason I ask this is because if you look at page 101 under section 8, first sentence, it says, and this uses the language which looks pretty much like, I think it's not exactly the statutory language, pretty much, and it says except where the crime provisions have been invoked and presumably that's a reference to the crime provisions of the agreement, right? Not the crime provisions of the statute, or at least there's no indication of the contrary. I'm not aware of any indication of the contrary. My assumption in reading that is that it was referring to the crime provision in 7513B, but I don't know whether there might be another, whether that is set out elsewhere within the master agreement. Well, I looked at the rest of the agreement that we have and I didn't see any crime provisions and that doesn't mean there aren't some there, but do you know if there are any crime provisions somewhere in the rest of the agreement, parts of the agreement, that we don't have in the appendix? I do not know, Your Honor. Okay. So you don't know whether this is a reference to crime provisions that may or may not track the language of the statute? I do not. All right. Okay. If this Court has no further questions, we would ask that the judgment of the arbitrator be affirmed. Thank you. Thank you. Just one minute, if I may, I can speak to the status of the case at that time. It's just informational. Okay. Yes, there was a bench trial on November 15th of 2017 and when, after the state presented its case, Mr. Lockwood's defense counsel moved for a direct verdict of not guilty, which the judge granted on all counts. And I did want to address the government's comments regarding O'Keefe because I think it's important to make the distinction. When this Court vacated the MSPB's decision reversing the Board's, vacating the Board's reversal of an administrative judge's mitigation of a removal to a 60-day suspension, the Court found that where the Board exceeded the scope of its review of the agency's decision was that it accused Mr. O'Keefe of specific misdeeds that were not in the proposed notice. And so having done so, this Court found that the Board exceeded its authority. And so it was on the Board's own initiative that it reached further than it was permitted to do to say that there was something more egregious than what the agency had asserted in the proposed notice. And that's similar to what happened in Mr. Lockwood's case. The arbitrator asserted that and concluded that the agency was permitted to go further than the proposed notice on an allegation that was of a 2015 stalking allegation that was not included in the proposed notice.